PALMER, J.
R.M. appeals his sentence which was imposed by the trial court after he was adjudicated delinquent for committing the crime of resisting an officer without violence.[1] We vacate R.M.’s sentence and remand this matter to the trial court for re-sentencing.
R.M. was found guilty of committing the first degree misdemeanor offense of resisting an officer without violence and sentenced to remain on community control until his nineteenth birthday. R.M. challenges his sentence arguing that the trial court erred by placing him on community control until his nineteenth birthday because in so ruling the court imposed a fifteen month sentence which exceeds the statutory maximum of twelve months state supervision applicable to an adjudication on a first degree misdemeanor charge. The State has properly conceded error on this issue. See R.B. v. State, 633 So.2d 542 (Fla. 5th DCA 1994). Accordingly, R.M.’s sentence is vacated and this matter is remanded to the trial court for re-sentencing to a term of state supervision which will not extend beyond twelve months.
JUDGMENT AFFIRMED; SENTENCE VACATED; CAUSE REMANDED FOR RESENTENCING.
PETERSON and SAWAYA, JJ., concur.

. See § 843.02, Fla.Stat. (1999).